UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ANTONIO RAMIREZ BALBOA,<br>Plaintiff,<br>v.<br>SERGIO ALBARRAN, et al.,<br>Defendants. | Case No. 26-cv-08870-RFL<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. Nos. 1, 2 |

Petitioner Marco Antonio Ramirez Balboa, a citizen of Peru, entered the United States without inspection in approximately May 2022. (Dkt. No. 1 ("Petition") ¶ 35.) He was encountered and detained soon after entering the country, placed in removal proceedings, released, and has been living in Daly City, San Francisco. (*Id.* ¶¶ 35–37.) Prior to his current detention, Petitioner had been enrolled in Immigration and Customs Enforcement's ("ICE") Intensive Supervision Appearance Program ("ISAP"), and it is undisputed that he reported to ISAP as directed and has appeared for his ongoing immigration court removal proceedings. (*Id.* ¶¶ 1, 16.)

Respondents have submitted documents showing that Petitioner has twice been arrested for domestic battery, once in 2023 and most recently on Wednesday, August 19, 2026. (Dkt. No. 7 ¶¶ 5–6; Dkt. No. 7-2 at 6, 8.) In the morning on Monday, August 24, 2026, Petitioner presented at the ISAP office for a check-in, where he was fitted with an ankle monitor and told to report to the ICE office, which he did at 2:00 p.m. (Petition ¶ 38.) When he presented at the ICE office, he was detained "due to his recent criminal history." (*Id.*; Dkt. No. 7-1 at 5.) Petitioner seeks habeas relief on the basis that he is a member of the provisionally certified class in *Garro Pinchi v. Noem*, 813 F. Supp. 3d 973 (N.D. Cal. 2025), and that his re-detention violates the

court's stay order in *Garro Pinchi*. In *Garro Pinchi*, the court stayed the Department of Homeland Security's practice—within the jurisdiction of ICE's San Francisco field office—of re-detaining noncitizens released pursuant to its discretionary authority without first making any individualized determination of changed circumstances (the "Re-Detention Policy"). *Id.* at 995, 1001, 1020, 1039–40. Petitioner also asserts that his detention violates substantive and procedural due process under the Fifth Amendment for the same reasons.

Although the government does not dispute that Petitioner is part of the provisionally certified *Garro Pinchi* class, Petitioner has not shown that he was detained pursuant to the stayed Re-Detention Policy. Respondents have submitted documents showing that since his release from immigration detention, Petitioner has twice been arrested for domestic battery, and that he was detained "due to his recent criminal history" five days after the second arrest. (Dkt. No. 7-2 at 6, 8; Dkt. No. 7-1 at 5.) Although Petitioner has not been charged related to the 2023 or 2026 arrests, given the recency of the 2026 incident and the alleged basis for the arrests, Petitioner has not shown that Respondents failed to make an individualized determination of changed circumstances prior to re-detaining him. Rather, it appears that Petitioner was detained based on a determination that, after his recent arrest, he posed a danger to the community. Such an action is consistent with Respondents' decades-long practice of "revoking a noncitizen's bond or parole under [8 U.S.C.] § 1226(b) only if it determined that the noncitizen's individual circumstances had materially changed." *Garro Pinchi*, 813 F. Supp. 3d at 995.[1]

For the same reason, Petitioner has not shown that his re-detention without a pre-deprivation hearing violates substantive or procedural due process. As to the procedural due process challenge, the three-part test from *Mathews v. Eldridge*, 424 U.S. 319 (1976) applies in the immigration detention context. *See Claros v. Albarran*, 811 F. Supp. 3d 1062, 1066 (N.D.

[1] Petitioner suggests that his morning ISAP appointment was a custody determination separate and apart from the afternoon ICE appointment, and the government must show changed circumstances between the morning and afternoon of August 24 in order to justify his re-detention. But it was at the ISAP check-in that Petitioner was ordered to report to ICE, indicating that both appointments were part of the same determination process.

Cal. 2025) (collecting cases). *Mathews* requires consideration of (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest. 424 U.S. at 335. Petitioner, who has been living in the United States for more than four years since he was released from immigration detention, undoubtedly has a protectible liberty interest in remaining out of custody even if ICE's initial decision to release him was discretionary. *See Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 934 (N.D. Cal. 2025). However, Petitioner has not shown a sufficiently high risk of erroneous deprivation, such that his interest in further pre-deprivation process outweighs the government's interest in promptly re-detaining him after his most recent arrest. The record indicates that ICE engaged in an individualized process, and determined that Petitioner should be promptly detained in the interest of public safety. Furthermore, Respondents agree that Petitioner is entitled to a post-deprivation hearing before an immigration judge where he may challenge Respondents' custody determination, and report that a hearing was scheduled for September 4, 2026. (Dkt. No. 6 at 4; Dkt. No. 11 at 2.) Though Petitioner contests that the conduct precipitating his arrest indicates an increased public safety risk, Petitioner has not shown why an immigration judge could not, or has not, properly considered those circumstances evaluating his request to be released on bond. Nor has Petitioner shown any particular circumstances indicating that the procedural protections afforded by 8 U.S.C. 1226(a) are insufficient to guard against the risk of erroneous deprivation in this case. *See Valencia Zapata*, 801 F. Supp. 3d at 941. Therefore, Petitioner has not shown that due process requires the government to bear a clear and convincing burden of proof that physical custody is required at the custody redetermination hearing. Given the government's legitimate, time-sensitive interest in community safety and the government's attestation that Petitioner was scheduled for prompt post-deprivation process, Petitioner has not shown that his procedural due process rights have been violated.

As to substantive due process "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or

alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). However, Petitioner has not shown that the government lacks a legitimate interest in detaining him in the interest of community safety for the reasons already discussed.

Therefore, for the reasons discussed above, the Petition for Writ of Habeas Corpus and the derivative request for costs and fees is **DENIED**. The Motion to Appoint Counsel (Dkt. No. 2) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: September 10, 2026

RITA F. LIN
United States District Judge